IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX BRIGGS, | No. C 16-2520 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| DR. CHI NGUYEN; DR. H. UY; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendants. | |

## INTRODUCTION

Plaintiff, an inmate at the California Training Facility in Soledad, California, filed this civil rights case under 42 U.S.C. 1983 against two dentists at CTF and the California Department of Corrections and Rehabilitation ("CDCR") for providing him with inadequate dental care. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is dismissed with leave to amend.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro

1  se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
2  (9th Cir. 1990).
3    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
4  claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
5  statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds
6  upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).
7  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
8  plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than
9  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
10 do. . . . Factual allegations must be enough to raise a right to relief above the speculative
11 level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A
12 complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*
13 at 1974.
14   To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements:
15 (1) that a right secured by the Constitution or laws of the United States was violated, and (2)
16 that the alleged deprivation was committed by a person acting under the color of state law.
17 *West v. Atkins*, 487 U.S. 42, 48 (1988).

18 **B.    LEGAL CLAIMS**

19   Plaintiff alleges that in August 2015 defendant Dr. Nguyen severed a nerve while
20 performing oral surgery to remove plaintiff's molars. Plaintiff suffered pain and other
21 symptoms and has only been able to chew on the left side of his mouth. Plaintiff further alleges
22 that defendant Dr. Uy, who is Dr. Nguyen's supervisor "approved" of Dr. Nguyen's actions,
23 and advised plaintiff that it would take six months to a year for him to heal from the nerve
24 damage.
25   Deliberate indifference to serious medical needs violates the Eighth Amendment's
26 proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).
27 Serious medical needs may include dental care. *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th
28

Cir. 1989) (dental care important medical need of inmates). It can be assumed at this stage that plaintiff's dental needs amounted to a "serious" need triggering the protections of the Eighth Amendment.

However liberally plaintiff's allegations are construed, they do not show that defendants were deliberately indifferent. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Ibid.* In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Dr. Nguyen severing a nerve during surgery does not, on its own, indicate that he acted with deliberate indifference. That fact alone may suggest negligence or medical malpractice, but a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004). To state a claim for deliberate indifference, plaintiff must allege facts that plausibly show that Dr. Nguyen knew that there was a substantial risk the nerve would be severed during surgery, and that he failed to take reasonable steps to abate that risk. Plaintiff will be given leave to file an amended complaint in which he alleges such facts, if he can do so in good faith.

Plaintiff's allegations concerning Dr. Uy also do not state a cognizable claim for relief under the Eighth Amendment. Plaintiff does not allege how or when Dr. Uy "approved" of Dr. Nguyen's actions. As explained above, plaintiff has not stated a plausible claim that Dr. Nguyen was himself deliberately indifferent. He has also not alleged facts that would, if true, show Dr. Uy knew that approving of Dr. Nguyen's actions presented a substantial and unreasonable risk of harm to plaintiff. As a result, he has not stated a cognizable claim against Dr. Uy. If plaintiff wants to pursue a claim against Dr. Uy, he must correct this problem in an amended complaint.

Plaintiff's claim for monetary damages against the California Department of Corrections and Rehabilitation is barred by the Eleventh Amendment. *See Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to 11th Amendment immunity).

## CONCLUSION

For the reasons set out above, it is hereby ordered as follows:

1. The complaint is **DISMISSED** with leave to amend, as described above, within **28 days** of the date this order is filed. The amended complaint must include the caption used in this order and the civil case number C 16-2520 WHA (PR) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case</u>.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Plaintiff must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3. Plaintiff's request for assistance of counsel is denied because there is no right to counsel in a civil case and this case presents no extraordinary circumstances at this stage that warrant such an appointment.

IT IS SO ORDERED.

Dated: June 6, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4